UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____-CV-_____

FLO & EDDIE, INC., a California
corporation, individually and on behalf of all
others similarly situated,

      Plaintiff,

    v.

SIRIUS XM RADIO, INC., a Delaware
corporation; and DOES 1 through 10,

      Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiff FLO & EDDIE, INC. ("Plaintiff" or "Flo & Eddie") files this class action Complaint on behalf of itself and on behalf of all other similarly situated owners of sound recordings of musical performances that initially were "fixed" (*i.e.*, recorded) prior to February 15, 1972 (the "Pre-1972 Recordings") against Defendants SIRIUS XM RADIO, INC. ("Defendant" or "SiriusXM") and DOES 1-10, and alleges as follows:

### NATURE OF THE ACTION

1. Florida common law and statutory law provide protection for Pre-1972 Recordings from their unauthorized reproduction, performance, distribution or other exploitation, and permit the owners of Pre-1972 Recordings the right to bring the following separate claims for relief against parties who engage in such unauthorized actions: (a) common law copyright infringement; (b) common law misappropriation / unfair competition; (c) common law conversion; and (d) civil theft under Fla. Stat. § 772.11 for violations of Fla. Stat. § 812.014(1). A person commits common law copyright infringement of a sound recording not protected by the US Copyright Act in Florida by doing, without the consent of the owner, anything which is the sole right of the owner to do, including reproducing, distributing, performing or otherwise exploiting such recording. The elements of a misappropriation / unfair competition claim

involving record piracy in Florida are: (A) time, labor and money expended by the Plaintiff; (B) competition; and (C) commercial damage. A claim for conversion exists for a wrongful taking of intangible interests in a business venture. Finally, Fla. Stat. § 812.014(1) provides that one is liable for theft if one "knowingly obtains or uses the property of another with intent to appropriate the property to his or her own use."[1]

2. The principals of Flo & Eddie, Mark Volman and Howard Kaylan, have been performing together as The Turtles since 1965 and have recorded numerous iconic hits including "Happy Together," "It Ain't Me Babe," "She'd Rather Be With Me," "You Baby," "She's My Girl," "Elenore," and many others. Since approximately 1971, Flo & Eddie has owned the entire catalog of 100 original master recordings by The Turtles, all of which were recorded prior to February 15, 1972. Notwithstanding the absence of any license or authorization from Plaintiff, The Turtles recordings can be heard every hour of every day by subscribers in Florida to the satellite and Internet services owned by Defendant known as "Sirius Satellite Radio," "XM Satellite Radio" and "SiriusXM Satellite Radio" (individually and collectively, the "Service"). Plaintiff Flo & Eddie brings this class action on its own behalf and on behalf of all other similarly situated owners of Pre-1972 Recordings (the "Class" or "Class Members") to put an end to SiriusXM's wholesale infringement, misappropriation / unfair competition, conversion and civil theft of their Pre-1972 Recordings and to obtain damages, including punitive damages, and injunctive relief.

3. The Service is a highly profitable business that engages in the large-scale distribution and public performance of sound recordings to over 24 million subscribers. The

---

[1] As set forth below, Plaintiff intends to amend this Complaint to add a claim for civil theft pursuant to Fla. Stat. § 722.11 for violating Fla. Stat. § 812.014(1) in the event the letter attached hereto as Exhibit B does not result in a return of the monies described therein.

Service is distributed in Florida to its subscribers through (a) satellite digital transmission directly to subscribers via digital radios manufactured or licensed by SiriusXM; (b) satellite digital transmission to subscribers of other services, such as DIRECTV Satellite Television Service and Dish Network Satellite Television Service via digital set top boxes manufactured or licensed by DIRECTV or Dish; and (c) the Internet, by way of (i) digital media streaming devices, such as Roku, digital radios and home audio systems, such as Sonos; (ii) its website at www.SiriusXM.com; or (iii) computer, smart phone and other mobile applications for various operating systems, including Apple iOS, Android, Windows, Blackberry and HP webOS.  In furtherance of the Service, SiriusXM, without any license or authority, has copied Plaintiff's and each Class Members' Pre-1972 Recordings onto the Service's central server(s) and makes such copies available to its subscribers in Florida.  SiriusXM publicly performs these recordings in Florida via streaming audio transmission through the Service for a fee as part of a subscription plan that currently includes up to 72 different music channels.  As part of the Service, many subscribers in Florida are also able to:  (A) download the stream of a selected channel on the Service, allowing later or multiple listenings of the sound recordings previously streamed during the selected time period; (B) download particular sound recordings, allowing later or multiple listenings of such sound recordings; (C) download particular programs incorporating sound recordings as part of the Service's "On Demand" feature, allowing later or multiple listenings of such sound recordings; and (D) allow subscribers to pause, rewind and replay sound recordings using the Service's "Replay" feature.

    4.    Simply stated, SiriusXM has disregarded the Plaintiff's and other Class Members' exclusive ownership of their Pre-1972 Recordings in Florida, impaired their ability to sell, license, lawfully exploit, or otherwise control their Pre-1972 Recordings as permitted under Florida law, and misappropriated / unfairly competed, converted and stolen same for its own financial gain.  SiriusXM's conduct is causing, and will continue to cause, enormous and

irreparable harm to Plaintiff and the other Class Members unless compensatory and punitive damages are awarded against SiriusXM and it is enjoined and restrained from engaging in further infringement, misappropriation / unfair competition, conversion and civil theft of the Pre-1972 Recordings.

## THE PARTIES, JURISDICTION AND VENUE

5. Plaintiff Flo & Eddie is a corporation duly organized and existing under the laws of California, with its principal place of business in Los Angeles, California. Plaintiff is engaged in the business of distributing, selling, and/or licensing the reproduction, distribution, sale, and performance of its Pre-1972 Recordings in phonorecords, in audiovisual works, and for streaming (*i.e.*, performing) and downloading over the Internet. Plaintiff invests substantial money, time, effort, and creative talent in creating, advertising, promoting, selling and licensing its unique and valuable sound recordings.

6. Plaintiff possesses exclusive ownership rights in The Turtles Pre-1972 Recordings, the titles of which are specified on the schedule attached hereto as Exhibit A and incorporated herein by reference ("Plaintiff's Recordings"). The United States Congress expressly has recognized that the states provide exclusive protection through various state law doctrines to recordings initially "fixed" before February 15, 1972, and that the federal Copyright Act does not "annul[] or limit[]those rights until February 15, 2067." 17 U.S.C. § 301(c). Accordingly, as quoted above, Florida law protects the exclusive ownership of Plaintiff and the other Class Members to their Pre-1972 Recordings in Florida.

7. Upon information and belief, Defendant SiriusXM is a corporation duly organized and existing under the laws of Delaware, with its principal place of business in New York, New York. The Court has personal jurisdiction over Defendant in that Defendant has offices throughout Florida, including, without limitation, in Miami, Jupiter, Deerfield Beach and Boca

Raton, Defendant is engaged in tortious conduct in Florida, and Defendant's conduct causes injury to Plaintiff and the other Class Members in Florida.

8. This court has subject matter jurisdiction over the subject matter of this class action pursuant to 28 U.S.C. § 1332(d). The amount in controversy exceeds Five Million Dollars ($5,000,000), there are more than one thousand (1,000) putative Class Members, and the requisite minimal diversity of citizenship exists because Plaintiff and Defendant are citizens of different States.

9. Venue of this action is proper in this jurisdiction under 28 U.S.C. § 1391(b) in that Defendant maintains several offices in the Southern District of Florida and a substantial part of the events giving rise to the claims alleged herein occurred in the Southern District of Florida.

10. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names (the "Doe Defendants"). Plaintiff will amend this Complaint to allege their true names and capacities when such have been ascertained. Upon information and belief, each of the Doe Defendants herein is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and those of the other Class Members as herein alleged were proximately caused by such defendants' acts or omissions. (All of the Defendants, including the Doe Defendants, collectively are referred to as "Defendants").

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of itself and the other Class Members defined as the owners of Pre-1972 Recordings reproduced, performed, distributed or otherwise exploited by Defendants in Florida without a license or authorization to do so during the period from August 29, 2009 to the present. Plaintiff reserves the right to modify this definition of the Class after further discovery; the Court

may also be requested to utilize and certify subclasses in the interests of ascertainability, manageability, justice and/or judicial economy.

12. This action may be properly brought and maintained as a class action because there is a well-defined community of interest in the litigation and the Class Members are readily and easily ascertainable and identifiable from Defendant SiriusXM's database files and records. Plaintiff is informed and believes, and on that basis alleges, that Defendants have engaged a third party to supply the metadata, including the metadata relating to Pre-1972 Recordings unlawfully streamed to subscribers in Florida, and that such metadata contains the name and location of the owners thereof. The Class members are further ascertainable through methods typical of class action practice and procedure.

13. Plaintiff is informed and believes, and alleges thereon, that the Pre-1972 Recordings infringed, misappropriated / unfairly competed, converted and/or stolen in Florida by Defendants number in the millions and are owned by many thousands of Class Members. It is therefore impractical to join all of the Class Members as named Plaintiffs. Further, the claims of the Class Members may range from smaller sums to larger sums. Accordingly, using the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

14. The claims of Plaintiff are typical of the claims of the Class Members, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members it seeks to represent. Plaintiff and the other Class Members have all been subject to infringement, misappropriation / unfair competition, conversion and theft of their Pre-1972 Recordings in Florida, have sustained actual pecuniary loss and face irreparable harm from Defendants' continued infringement, misappropriation / unfair competition, conversion and theft of their Pre-1972 Recordings.

15. Plaintiff has no interests that are adverse to, or which conflict with, the interests of the other Class Members and is ready and able to fairly and adequately represent and protect the interests of the other Class Members. Plaintiff believes strongly in the protection of artists' rights in connection with their creative work. Plaintiff has raised viable claims for infringement, misappropriation / unfair competition, conversion and theft of the type well established in Florida and reasonably expected to be raised by Class Members. Plaintiff will diligently pursue those claims. If necessary, Plaintiff may seek leave of the Court to amend this Complaint to include additional class representatives to represent the Class or additional claims as may be appropriate. Plaintiff is represented by experienced, qualified and competent counsel who are committed to prosecuting this action.

16. Common questions of fact and law exist as to all Class Members that plainly predominate over any questions affecting only individual Class Members. These common legal and factual questions, which do not vary from Class Member to Class Member, and which may be determined without reference to the individual circumstances of any Class Member include, without limitation, the following:

    (A) Whether Defendant SiriusXM reproduced, performed, distributed or otherwise exploited Pre-1972 Recordings in Florida;

    (B) Whether Defendant SiriusXM's reproduction, performance, distribution or other exploitation of Pre-1972 Recordings in Florida constitutes common law copyright infringement under Florida law;

    (C) Whether Defendant SiriusXM's reproduction, performance, distribution or other exploitation of Pre-1972 Recordings in Florida constitutes misappropriation / unfair competition under Florida law;

(D) Whether Defendant SiriusXM's reproduction, performance, distribution or other exploitation of Pre-1972 Recordings in Florida constitutes conversion under Florida law;

(E) Whether Defendant SiriusXM's reproduction, performance, distribution or other exploitation of Pre-1972 Recordings in Florida constitutes civil theft in violation of Fla. Stat. §§ 722.11 and 812.014(1);

(F) The basis on which restitution and/or damages to all injured members of the Class can be computed;

(G) Whether Defendant SiriusXM's violation of Florida common law for copyright infringement entitles the Class Members to recover punitive damages;

(H) Whether Defendant SiriusXM's violation of Florida common law for copyright infringement is continuing, thereby entitling Class Members to injunctive or other equitable relief;

(I) Whether Defendant SiriusXM's violation of Florida's laws against misappropriation / unfair competition entitles the Class Members to recover punitive damages;

(J) Whether Defendant SiriusXM's violation of Florida's laws against misappropriation / unfair competition is continuing, thereby entitling Class Members to injunctive or other relief;

(K) Whether Defendant SiriusXM's violation of Florida's laws against conversion entitles the Class Members to recover punitive damages;

(L) Whether Defendant SiriusXM's violation of Florida's laws against conversion is continuing, thereby entitling Class Members to injunctive or other relief;

(M) Whether Defendant SiriusXM's violation of Fla. Stat. § 812.014(1) for civil theft entitles the Class Members to recover treble the amount of compensatory damages in accordance with Fla. Stat. § 772.11; and

(N) Whether Defendant SiriusXM's violation of Fla. Stat. § 812.014(1) for civil theft is continuing, thereby entitling Class Members to injunctive or other relief.

17. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class Members is highly impractical. Even if every Class Member could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member. Plaintiff anticipates no difficulty in the management of this action as a class action.

18. Additionally, the prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such nonparty Class Members to protect their interests. The prosecution of individual actions by Class Members could establish inconsistent results and incompatible standards of conduct for Defendant SiriusXM.

19. Defendants have engaged in common law copyright infringement, misappropriation / unfair competition, conversion and civil theft, which has affected all of the Class Members such that final and injunctive relief on behalf of the Class as a whole is efficient and appropriate.

## **FIRST CLAIM FOR RELIEF**

**(Common Law Copyright Infringement)**

20. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 19, above, as though set forth in full herein.

21. The Pre-1972 Recordings are unique intellectual property subject to common law copyright protection under the law of the State of Florida.

22. As the owners of valid common law copyrights or exclusive licensees in and to the Pre-1972 Recordings, Plaintiff and the other Class Members possess the exclusive rights to reproduce, perform, distribute or otherwise exploit the Pre-1972 Recordings, and license, or refrain from licensing, others to do so.

23. Plaintiff and the other Class Members have not authorized or licensed Defendants to reproduce, perform, distribute or otherwise exploit the Pre-1972 Recordings in any manner. Defendants are not, and at all relevant times were not, entitled to or authorized to reproduce, perform, distribute or otherwise exploit the Pre-1972 Recordings.

24. The reproduction, performance, distribution or other exploitation by Defendants of unauthorized copies of the Pre-1972 Recordings, including, without limitation, Plaintiff's Recordings, constitute infringement of Plaintiff and the Other Class Member's common law copyrights in such recordings and violation of their exclusive rights therein. The Plaintiff and Class Members have invested substantial time and money in the development of their Pre-1972 Recordings.

25. The Defendants have infringed the copyrights to the Pre-1972 Recordings at little or no cost and without license or authority. They have copied the Pre-1972 Recordings owned by Plaintiff and the other Class Members and publicly perform these recordings in Florida for their subscribers as set forth in paragraph 3, above. Defendants have disregarded the Plaintiff's and other Class Members' copyrights in and exclusive ownership of their Pre-1972 Recordings,

impaired their ability to sell, lawfully exploit, or otherwise control their Pre-1972 Recordings, all for their own financial gain.

26.  As a direct and proximate consequence of Defendants' copyright infringement of the Pre-1972 Recordings owned by Plaintiff and the Class Members, Plaintiff and the Class Members have been damaged in an amount that is not as yet fully ascertained but which Plaintiff is informed and believes, and alleges thereon, exceeds $100,000,000, according to proof.

27.  Plaintiff is informed and believes, and alleges thereon, that in engaging in the conduct described above, the Defendants acted with oppression, fraud and/or malice.  The conduct of the Defendants has been despicable and undertaken in conscious disregard of the Plaintiff's and each Class Member's rights.  Accordingly, Plaintiff and the Class Members are entitled to an award of punitive damages against Defendants in an amount sufficient to punish and make an example of them according to proof.

28.  Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, Plaintiff and each Class Member great and irreparable injury that cannot fully be compensated or measured in money, and for which Plaintiff and each Class Member has no adequate remedy at law.  Plaintiff and the other Class Members are entitled to temporary, preliminary and permanent injunctions, prohibiting further violation of Plaintiff's and Class Members' rights in and exclusive ownership of their Pre-1972 Recordings in Florida.

## SECOND CLAIM FOR RELIEF

### (Misappropriation / Unfair Competition)

29.  Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 28, above, as though set forth herein.

30.  Plaintiff and each Class Member are, and at relevant times were, the exclusive owner of all right, title and interest in and to their Pre-1972 Recordings and possession thereof in Florida.

31. Plaintiff and the other Class Members have not authorized or licensed Defendants to reproduce, perform, distribute or otherwise exploit the Pre-1972 Recordings in any manner. Defendants are not, and at all relevant times were not, entitled to or authorized to to reproduce, perform, distribute or otherwise exploit the Pre-1972 Recordings.

32. Plaintiff and the Other Class Members have expended significant time, labor and money in the making, marketing and distributing the Pre-1972 Recordings. Defendants have paid nothing to Plaintiff or the Other Class Members for reproducing, performing, distributing or otherwise exploiting the Pre-1972 Recordings. Without expending any time, labor or money of its own, Defendants have simply appropriated the commercial qualities, reputation and salable properties of the Pre-1972 Recordings, including, without limitation Plaintiff's Recordings, by unfairly and directly competing with Plaintiff and the other Class Members' use, sale, distribution and exploitation of the Pre-1972 Recordings. In so doing, Defendants have undermined Plaintiff and the other Class Members' substantial creative and financial investment for Defendants' own commercial benefit and have commercially damaged the market value of the licenses Plaintiff and the Other Class Members are now and had been able to negotiate with third parties to reproduce, perform, distribute or otherwise exploit the Pre-1972 Recordings.

33. Defendants have usurped for itself the fruits of Plaintiff and the other Class Members' financial and creative investments. Defendants are profiting from the results of Plaintiff and the other Class Members' expenditures and skill without having to incur any expense or risk of its own in relation to the Pre-1972 Recordings. Furthermore, Defendants' unauthorized use of the Pre-1972 Recordings is likely to cause confusion, mistake or deception as to the source, sponsorship, affiliation or connection between Plaintiff and the other Class Members, and Defendants.

34. Defendants' acts constitute a misappropriation of Plaintiff and the other Class Members' rights in and to the Pre-1972 Recordings, and constitute misappropriation and unfair competition involving record piracy under Florida law.

35. As a direct and proximate result of Defendants' misappropriation and unfair competition, Plaintiff and the Class Members are entitled to recover all proceeds and other compensation received or to be received by Defendants from their misappropriation and unfair competition of the Pre-1972 Recordings. Plaintiff and the members of the Class have been damaged, and Defendants have been unjustly enriched, in an amount that is not as yet fully ascertained but which Plaintiff is informed and believes, and alleges thereon, exceeds $100,000,000, according to proof at trial. Such damages and/or restitution and disgorgement should include a declaration by this Court that Defendants are constructive trustees for the benefit of Plaintiff and the other Class Members, and an order that Defendants convey to Plaintiff and Class Members the gross receipts received or to be received that are attributable to Defendants misappropriation of the Pre-1972 Recordings.

36. Plaintiff is informed and believes, and alleges thereon, that in engaging in the conduct as described above, the Defendants acted with oppression, fraud and/or malice. The conduct of the Defendants has been despicable and undertaken in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff and the Class Members are entitled to an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish and make an example of them according to proof at trial.

37. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, Plaintiff and the Class Members great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff and the other Class Members are entitled to temporary, preliminary and permanent injunctions, prohibiting further violation of Plaintiff's

and the other Class Members right to exclusive ownership of their Pre-1972 Recordings and further acts of unfair competition and misappropriation.

## THIRD CLAIM FOR RELIEF

### (Conversion)

38. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 37, above, as though set forth in full herein.

39. Plaintiff and each Class Member are, and at relevant times were, the exclusive owner of all right, title and interest in and to their Pre-1972 Recordings and possession thereof in Florida.

40. Plaintiff and each Class Member have, and for all times relevant herein has had, an intangible property interest in the time, effort and expense of producing the Pre-1972 Recordings.  Additionally, as set forth in paragraphs 20 through 24 above, Plaintiff and each Class Member have a common law copyright in each of the Pre-1972 Recordings.

41. Plaintiff and the Class Members created and produced the Pre-1972 Recordings as part of a business venture to commercially reproduce, perform, distribute and otherwise exploit the Pre-1972 Recordings.

42. By their acts and conduct alleged above, Defendants have converted Plaintiff's and the Class Members' property rights in their Pre-1972 Recordings, including, without limitation Plaintiff's Recordings, for Defendants' own use and wrongful disposition for financial gain.

43. As a direct and proximate result of Defendants' conversion, Plaintiff and the members of the Class have been damaged, and Defendants have been unjustly enriched, in an amount that is not as yet fully ascertained but which Plaintiff is informed and believes, and alleges thereon, exceeds $100,000,000 according to proof at trial.  Defendants are constructive trustees for the benefit of Plaintiff and Class Members, and the Court should order Defendants to

convey to Plaintiff and the Class Members the gross receipts received or to be received from Defendants conversion of the Pre-1972 Recordings.

44. Plaintiff is informed and believes, and based thereon alleges, that in engaging in the conduct as described above, the Defendants acted with oppression, fraud and/or malice. The conduct of the Defendants has been despicable and undertaken in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff and the Class Members are entitled to an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish and make an example of them according to proof at trial.

45. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff and the Class Members great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff and each Class Member are entitled to temporary, preliminary and permanent injunctions prohibiting further acts of conversion of their Pre-1972 Recordings.

## FOURTH CLAIM FOR RELIEF

**(Civil Theft under Fla. Stat. § 772.11 for violations of Fla. Stat. § 812.014)**

46. Plaintiff has submitted the demand letter attached hereto as Exhibit B required by Fla. Stat. §772.11(1) before it can bring a claim for Civil Theft. As soon as the thirty (30) days have run and assuming Defendants have not agreed to pay the amounts contained in that demand, Plaintiff will amend this Complaint to add a claim for Civil Theft pursuant to Fla. Stat. §772.11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the other Class Members, prays for Judgment against Defendants, and each of them, as follows:

**Regarding the Class Action:**

1. That this is a proper class action maintainable pursuant to the applicable provisions of the Federal Rules of Civil Procedure; and

2. That the named Plaintiff is appropriate to be appointed representative of the respective Class.

**<u>On The First Claim For Relief For Common Law Copyright Infringement against all Defendants:</u>**

1. For compensatory damages in excess of $100,000,000 according to proof at trial;

2. Punitive and exemplary damages according to proof trial; and

3. A temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, from directly or indirectly infringing in any manner the copyrights in the Pre-1972 Recordings in Florida, including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of the Pre-1972 Recordings.

**<u>On The Second Claim For Relief For Misappropriation / Unfair Competition against all Defendants:</u>**

1. For compensatory damages in excess of $100,000,000 according to proof at trial;

2. Punitive and exemplary damages according to proof at trial;

3. Imposition of a constructive trust;

4. Restitution of Defendants' unlawful proceeds, including Defendants' gross profits; and

5. A temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, from directly or indirectly

misappropriating and/or unfairly competing in any manner the Pre-1972 Recordings in Florida, including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of the Pre-1972 Recordings.

**On the Third Claim For Relief For Conversion against all Defendants:**

1. For compensatory damages in excess of $100,000,000 according to proof at trial;
2. Punitive and exemplary damages according to proof at trial;
3. Imposition of a constructive trust;
4. Restitution of Defendants' unlawful proceeds, including Defendants' gross profits; and
5. A temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, from directly or indirectly converting in any manner the Pre-1972 Recordings in Florida, including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of the Pre-1972 Recordings.

**On All Causes of Action:**

1. For reasonable attorneys' fees and costs as permitted by law;
2. For prejudgement interest at the legal rate; and
3. For such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class Members demand a trial by jury on claims alleged in this Complaint.

DATED:  September 3, 2013

                                            Respectfully submitted,

                                            HELLER WALDMAN, P.L.
                                            Attorneys for FLO & EDDIE, INC.
                                            3250 Mary Street, Suite 102
                                            Coconut Grove, Florida 33133
                                            Telephone:  (305) 448-4144
                                            Telecopier:  (305) 448-4155

                                            By:   s/Glen H. Waldman
                                                 Glen H. Waldman, Esq.
                                                 Fla. Bar No. 618624
                                                 Eleanor T. Barnett, Esq.
                                                 Fla. Bar No. 0355630
                                                 Jason Gordon, Esq.
                                                 Fla. Bar No. 0012973

                                            Henry Gradstein (*pro hac vice motion will be filed once a case number has been assigned*)
Maryann R. Marzano (*pro hac vice motion will be filed once a case number has been assigned*)
Robert E. Allen (*pro hac vice motion will be filed once a case number has been assigned*)
GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd., Suite 510
Los Angeles, California 90048
Telephone:  (323) 776-3100
Fax:  (323) 931-4990

And

Evan S. Cohen (*pro hac vice motion will be filed once a case number has been assigned*)
1180 South Beverly Drive, Suite 510
Los Angeles, California 90035
Telephone:  (310) 556-9800
Fax:  (310) 556-9801