IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case 1:13-CV-23182 (Moore)

-------------------------------------------------------------------x
FLO & EDDIE, INC., individually and on behalf of
all others similarly situated,

                        Plaintiff,

      -against-

SIRIUS XM RADIO INC., and DOES 1 through
10,

                      Defendants.
-------------------------------------------------------------------x

**DEFENDANT SIRIUS XM RADIO INC.'S MOTION TO STAY PROCEEDINGS
PENDING RESOLUTION OF ITS MOTION TO TRANSFER THIS ACTION TO THE
SOUTHERN DISTRICT OF NEW YORK AND SUPPORTING MEMORANDUM OF
LAW**

Defendant Sirius XM Radio Inc. ("**Sirius XM**") respectfully submits this Motion to Stay Proceedings Pending Resolution of Its Motion to Transfer This Action to the Southern District of New York and Supporting Memorandum of Law.

## MOTION

1. Sirius XM hereby moves the Court to stay proceedings in this matter pending resolution of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Supporting Memorandum of Law.

2. Limited stay is warranted because (1) Plaintiff Flo & Eddie, Inc. ("**Plaintiff**") would not be prejudiced by a stay, (2) Sirius XM would be burdened if the action is not stayed, and (3) granting the limited stay will promote judicial economy and reduce the costs of litigation.

3. For the reasons set forth in more detail in the Memorandum of Law below, Sirius XM respectfully requests that this Court grant its Motion to Stay Proceedings Pending Resolution of Its Motion to Transfer This Action to the Southern District of New York and Supporting Memorandum of Law.

## MEMORANDUM OF LAW

### I. PRELIMINARY STATEMENT

Plaintiff has filed three separate actions in three separate district courts – here, the Central District of California ("**the California Action**"), and the Southern District of New York ("**the New York Action**") – based on the same facts, on behalf of the same putative classes, and raising virtually identical legal issues.[1]  In order to streamline these litigations and conserve the resources of the parties and the federal judicial system, Sirius XM has moved to transfer this case

---

[1] The relevant procedural history discussing how these three actions were filed in close succession and with near identical allegations is discussed in Defendant Sirius XM Radio Inc.'s Motion to Transfer.

1

to the Southern District of New York, *see* Defendant Sirius XM Radio Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 15) ("**Motion to Transfer**"), and is making a similar motion to transfer the California Action to New York as well.  In light of the Motion to Transfer, Sirius XM respectfully requests that the Court stay further proceedings in this action, including Sirius XM's time to answer or otherwise respond to the Complaint, until two weeks after the Court decides the Motion to Transfer.  Such a stay would be limited in duration and would avoid the expenditure of resources that would be unnecessary should the Court transfer the case.

## II.  ARGUMENT

It is well-established that a district court's broad discretion to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maiben v. CSX Transp., Inc.*, CIV.A. 09-0125-WS-B, 2009 WL 1211186, at *1 (S.D. Ala. May 1, 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  This decision "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis*, 299 U.S. at 254-55)); *see also Fontanilles v. Merck & Co., Inc.*, 04-22799-CIV, 2004 WL 5569871 (S.D. Fla. Dec. 15, 2004) (granting motion to stay in light of considerations of "[j]udicial consistency, economy and uniformity").

In the analogous context of evaluating a stay request pending a transfer decision by the Judicial Panel on Multidistrict Litigation, federal courts have considered three factors:  "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358,

2

1360 (C.D. Cal. 1997); *Good v. Altria Group, Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009). "It is common practice for courts to stay an action pending a transfer decision by the JPML." *Bonenfant v. R.J. Reynolds Tobacco Co.*, 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007). These same factors weigh in favor of granting a stay pending the Court's resolution of the Motion to Transfer in this case.

Plaintiff would not be prejudiced by a stay. First, a plaintiff is not likely to be prejudiced when the requested stay is for only a limited duration. *See, e.g.*, *Republic of Venezuela ex rel. Garrido v. Philip Morris Cos., Inc.*, 99-0586-CIV, 1999 WL 33911677, at *1 (S.D. Fla. Apr. 28, 1999) (finding that plaintiff would not be prejudiced by stay "upon consideration of what effect a brief stay may have" on motion by plaintiff); *A.D. v. Pfizer, Inc.*, 13-CV-02466-JST, 2013 WL 3889159 (N.D. Cal. July 26, 2013) (concluding that fact that decision on transfer petition was likely to be issued shortly weighed "strongly in favor" of staying action). Here, Sirius XM is only seeking a limited stay to allow the Court to rule on its Motion to Transfer before requiring the parties to expend further resources litigating in this forum when a duplicative case is also pending in New York. This factor weighs strongly in favor of granting a stay. Second, staying this action pending transfer and potential consolidation with the New York Action would help to conserve the Plaintiff's resources. *See Gavitt v. Merck & Co., Inc.*, 208-CV-755-FTM-UADNF, 2008 WL 4642782, at *2 (M.D. Fla. Oct. 20, 2008) (considering preservation of client resources in deciding to grant stay).

The hardship to Sirius XM in the absence of a stay also favors granting this request. Sirius XM would face prejudice without a stay because it would have to simultaneously litigate duplicative disputes in multiple federal courts during the pendency of the Motion to Transfer. *See Couture v. Hoffman-La Roche, Inc.*, C-12-2657 PJH, 2012 WL 3042994, at *3 (N.D. Cal.

July 25, 2012) (recognizing that defendants "face potential hardship if their motion [for a stay] is denied because they risk having to litigate in multiple fora").  Sirius XM would be burdened by addressing pre-trial and discovery obligations in multiple hearings with multiple courts.  Sirius XM would also need to file multiple answers or draft multiple motions to dismiss, wasting more resources that could be avoided by staying proceedings until the Court decides the Motion to Transfer.

      Courts also consider judicial economy in evaluating whether to grant a motion for a stay.  *See, e.g.*, *Giles v. POM Wonderful LLC*, 10-61684-CIV, 2010 WL 4630325, at *1 (S.D. Fla. Nov. 8, 2010) ("[A] stay 'can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well.'") (citations omitted); *Maiben*, 2009 WL 1211186, at *1 (granting motion to stay pending transfer "would promote the interests of efficiency and judicial economy" and "mitigate the possibility of inconsistent results between sister courts"); *Rivers*, 980 F. Supp. at 1360-61 (expressing concern that without stay court could "needlessly expend[] its energies familiarizing itself with the intricacies of a case that would be heard by another judge" and that any case management efforts engaged in by court would most likely have to be replicated by judge that is ultimately assigned to handle consolidated litigation).  Granting the limited stay requested will promote judicial economy and reduce the costs of litigation.  If Sirius XM's Motion to Transfer is granted, it will allow for coordination and possibly consolidation of the instant action with the New York Action (and potentially the California Action as well).  Staying this case until the Court reaches a decision on the Motion to Transfer will avoid any chance that the Court will unnecessarily expend time and energy on litigation that may be transferred to the Southern District of New York.

4

### III.   CONCLUSION

For the foregoing reasons, Sirius XM respectfully requests that the Court stay proceedings in this action, including Sirius XM's obligation to answer or otherwise respond to the Complaint, until two weeks after the Court's ruling on its Motion to Transfer.

Dated:  October 9, 2013                    Respectfully submitted,

*/s/ Edward Soto*
Edward Soto (Fla. Bar No. 0265144)
edward.soto@weil.com
Weil, Gotshal & Manges LLP
1395 Brickell Ave, Suite 1200
Miami, FL 33131
(305) 577-3100

R. Bruce Rich (*pro hac vice* pending)
Bruce S. Meyer (*pro hac vice* to be filed)
Benjamin E. Marks (*pro hac vice* pending)
Todd Larson (*pro hac vice* pending)
John R. Gerba (*pro hac vice* pending)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Tel:     212-310-8000

Michael S. Oberman (*pro hac vice* pending)
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Tel:     212-715-9294

*Attorneys for Defendant Sirius XM Radio Inc.*

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to do so.

*/s/ Edward Soto*
Edward Soto (Fla. Bar No. 0265144)
edward.soto@weil.com
Weil, Gotshal & Manges LLP
1395 Brickell Ave, Suite 1200
Miami, FL 33131
(305) 577-3100

*Attorneys for Defendant Sirius XM Radio Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system, which sent notification to all CM/ECF participants.  All other counsel shall be served by United States mail.

**Plaintiff Flo & Eddie, Inc.'s Counsel:**

Glen H. Waldman
Eleanor T. Barnett
Jason Gordon
Heller Waldman, P.L.
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133


Henry Gradstein
Maryann R. Marzano
Robert E. Allen
Grandstein & Marzano, P.C.
6310 San Vincente Blvd., Suite 510
Los Angeles, California 90048

|  |  |
|---|---|
|  | */s/ Edward Soto* |
|  | Edward Soto (Fla. Bar No. 0265144) |
|  | edward.soto@weil.com |
|  | WEIL, GOTSHAL & MANGES LLP |
|  | 1395 Brickell Ave, Suite 1200 |
|  | Miami, FL 33131 |
|  | (305) 577-3100 |
|  | |
|  | *Attorneys for Defendants* |